UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VICTORIA BORG, INDIVIDUALLY, AND AS NEXT FRIEND OF SOPHIA BORG,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Civil Action No.  SA-13-CV-680-XR |
| **VS.** | ) ) | |
| **OLD NAVY, LLC, a subsidiary of GAP, INC., AND ALECIA PICHELMAYER** | ) ) ) | |
| **Defendants.** | ) | |

**SHOW CAUSE ORDER**

On this date, the Court considered its jurisdiction over this removed case.

**A. Background**

On January 15, 2012, Plaintiff Victoria Borg and her minor daughter entered an Old Navy in Bexar County, Texas. While shopping, the daughter's eyelid was "caught and tor[n]" by a clothing rack. Plaintiff claims that this has caused her daughter "serious and permanent bodily injuries" including "disfigurement." *See* Original Petition at 2, 5.  Plaintiff filed her Original Petition as next friend of her daughter in state court on July 9, 2013 against Old Navy, LLC and Alecia Pichelmayer, the store manager. Plaintiff claims that Defendant Old Navy "breached its duty of ordinary care owed to Plaintiffs by failing to either adequately warn her of the dangerous condition or by failing to make the condition reasonably safe." *Id.* at 3. Plaintiff further alleges that Defendant Alecia Pichelmayer owed the minor daughter "a separate duty of due [care] and was negligent for failing to remedy a condition on the store premises that she knew or should have known posed an unreasonable risk to

store patrons include Plaintiffs." *Id.* at 3. Defendant Old Navy removed this case to this Court on the basis of diversity jurisdiction. Docket no. 1. Old Navy asserts that it and Plaintiff are diverse, and that Defendant Alecia Pichelmayer, a non-diverse Texas citizen, was improperly joined. *Id.* at 2.

### B. Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 and complete diversity of citizenship. 28 U.S.C. § 1332(a). In determining whether diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992 (2005). The burden of establishing improper joinder belongs to the party asserting it. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

To establish improper joinder, a defendant must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Here, the Court must only consider whether the plaintiff is able to establish a cause of action against the non-diverse party. In

2

doing so, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which . . . means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647-48). To determine the possibility of recovery under state law, the Court may conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id* (internal citations omitted). The Court must, however, "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Irby*, 326 F.3d at 649. While in some cases there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge, *see Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005), the district court has the discretion to "pierce the pleadings and conduct a summary inquiry" when a plaintiff states a claim but misstates or omits certain facts that would help determine proper joinder. *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).

### C. Analysis

At issue here is whether non-diverse Defendant Alecia Pichelmayer has been properly joined by the Plaintiff. Plaintiff alleges that Pichelmayer "owed . . . [Plaintiff's minor daughter] a separate duty of due [care] and was negligent for failing to remedy a condition on the store premises that she knew or should have known posed an unreasonable risk . . . ." Complaint at 3. Old Navy contends that Pichelmayer was improperly joined because "there is no reasonable basis for Plaintiffs to be able to recover against [her] because she does not have an independent duty to the Plaintiff distinct from that owed by [Old Navy]." Notice of Removal at 3. Old Navy also argues that joinder was improper

because Pichelmayer was not working on the day Plaintiff's daughter was injured and that "Plaintiffs have joined Pichelmayer in a transparent attempt to avoid federal jurisdiction." *Id.*

In evaluating whether a plaintiff can establish a claim against an in-state defendant, district courts must apply the substantive law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). In Texas, a claim of negligence consists of three essential elements: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). "The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Under Texas law, "a corporate officer or agent can be liable to others . . . for his or her own negligence . . . only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). This Court has concluded that *Leitch* applies to premises liability claims against a store manager or employee acting within the scope of his or her employment duties when the plaintiff fails to establish an independent duty, and held that a store manager was improperly joined. *See, e.g., Gonzales v. Wal-Mart Stores*, Civ. A. No. 10-CV-120, 2010 WL 1417748 (W.D. Tex. March 31, 2010).

Here, Plaintiff has alleged in a conclusory manner that Pichelmayer owed the minor a "separate duty of due [care]." Complaint at 3. Pichelmayer's alleged negligent act was "failing to remedy a condition on the store premises that she knew or should have known posed an unreasonable risk . . . ." *Id.* Plaintiff alleges a similar breach for Defendant Old Navy, who Plaintiff claims "fail[ed] to either adequately warn her of the dangerous condition or by failing to make the condition reasonably safe." *Id.* Plaintiff also states that "the Defendants, their agents, servants, and

4

employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff and Minor Plaintiff . . . ." *Id.* at 4.  Nowhere does Plaintiff allege any facts that would show that Pichelmayer owed the minor a duty of care separate from that of Old Navy.  Defendant has produced evidence that Pichelmayer was not scheduled to work and was not present on the day in question, which would further preclude the possibility that Pichelmayer owed a duty separate from Old Navy's duty to premises invitees.  As such, Plaintiff's failure to allege facts showing that Pichelmayer owed the minor a separate duty of care lends credence to Defendant's contention that Plaintiff's joinder of Pichelmayer was improper.  Notice of Removal at 3.

### D. Conclusion

Accordingly, Old Navy's Notice of Removal satisfies its burden of demonstrating that Plaintiff cannot establish a claim against Defendant Pichelmayer.   Plaintiff must do more than simply assert that Pichelmayer has "a separate duty of due [care]" to Plaintiff's daughter.  Rather, Plaintiff must provide facts that would show that Pichelmayer had a duty to Plaintiff's daughter that was separate from that of her employer.  <u>Plaintiff is therefore directed to show cause in writing, no later than August 16, 2013, why this Court should not dismiss Pichelmayer as improperly joined</u>. *See Akerbloom v. Ezra Holdings, Ltd.*, 509 F.App'x 340, 347 (5th Cir. 2013) (noting that district court should dismiss improperly joined defendants).

SIGNED this 6th day of August, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE