UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VICTORIA BORG, INDIVIDUALLY, AND AS NEXT FRIEND OF SOPHIA BORG,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.  SA-13-CV-680-XR** |
| **VS.** | ) ) | |
| **OLD NAVY, LLC, a subsidiary of GAP, INC., AND ALECIA PICHELMAYER** | ) ) ) | |
| **Defendants.** | ) | |

## ORDER

On this date, the Court considered its jurisdiction over this removed case, Plaintiff's response to the Court's show-cause order regarding improper joinder, and Plaintiff's motion to remand.

### A. Background

According to the state-court petition, on January 15, 2012, Plaintiff Victoria Borg and her minor daughter entered an Old Navy in Bexar County, Texas. While shopping, the daughter's eyelid was "caught and tor[n]" by a clothing rack. Plaintiff claims that this has caused her daughter "serious and permanent bodily injuries" including "disfigurement." *See* Original Petition at 2, 5.  Plaintiff filed her Original Petition as next friend of her daughter in state court against Old Navy, LLC and Alecia Pichelmayer, the store manager. Plaintiff claims that Defendant Old Navy "breached its duty of ordinary care owed to Plaintiffs by failing to either adequately warn her of the dangerous condition or by failing to make the condition reasonably safe." *Id.* at 3. Plaintiff further alleges that Defendant Alecia Pichelmayer owed the minor daughter "a separate duty of due [care] and was

1

negligent for failing to remedy a condition on the store premises that she knew or should have known posed an unreasonable risk to store patrons include Plaintiffs." *Id.* at 3.

Defendant Old Navy removed this case to this Court on the basis of diversity jurisdiction. Docket no. 1. Old Navy asserts that it and Plaintiff are diverse, and that Defendant Alecia Pichelmayer, a non-diverse Texas citizen, was improperly joined. *Id*. at 2.

On August 6, the Court reviewed its jurisdiction over this case. After discussing relevant case law, this Court concluded that it appeared that Pichelmayer was improperly joined, and issued a show cause order to Plaintiff directing Plaintiff to show cause why Pichelmayer should not be dismissed as improperly joined. Plaintiff timely responded to the show cause order and moved to remand, arguing that this Court lacks diversity jurisdiction because Pichelmayer is not improperly joined.

### B. Legal Standard

To establish improper joinder, a defendant must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Here, the Court must only consider whether the plaintiff is able to establish a cause of action against Pichelmayer. In doing so, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which . . . means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647-48). To determine the possibility of recovery under state law, the Court may conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-

2

state defendant." *Id* (internal citations omitted).  The Court must, however, "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Irby*, 326 F.3d at 649.  While in some cases there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge, *see Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005), the district court has the discretion to "pierce the pleadings and conduct a summary inquiry" when a plaintiff states a claim but misstates or omits certain facts that would help determine proper joinder.  *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).

### C. Analysis

Old Navy contends that Pichelmayer was improperly joined because "there is no reasonable basis for Plaintiffs to be able to recover against [her] because she does not have an independent duty to the Plaintiff distinct from that owed by [Old Navy]."  Notice of Removal at 3. Under Texas law, "a corporate officer or agent can be liable to others . . . for his or her own negligence . . . only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).  This Court has concluded that *Leitch* applies to premises liability claims against a store manager or employee acting within the scope of his or her employment duties when the plaintiff fails to establish an independent duty, and has accordingly held that a store manager was improperly joined.  *See, e.g., Gonzales v. Wal-Mart Stores*, Civ. A. No. 10-CV-120, 2010 WL 1417748 (W.D. Tex. March 31, 2010).

Plaintiff has alleged in a conclusory manner that Pichelmayer owed the minor a "separate duty of due [care]."  Complaint at 3.  Pichelmayer's alleged negligent act was "failing to remedy a condition on the store premises that she knew or should have known posed an unreasonable risk."

*Id.* Plaintiff alleges a similar breach for Defendant Old Navy, who Plaintiff claims "fail[ed] to either adequately warn her of the dangerous condition or by failing to make the condition reasonably safe." *Id.* Plaintiff also states that "the Defendants, their agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff and Minor Plaintiff . . . ." *Id.* at 4. Nowhere does Plaintiff allege any facts that would show that Pichelmayer owed the minor a duty of care separate from that of Old Navy. Defendant has produced evidence that Pichelmayer was not scheduled to work and was not present on the day in question, which further precludes the possibility that Pichelmayer owed a duty separate from Old Navy's duty to premises invitees.

Plaintiff asserts that there is "a split in case law" in this division regarding whether a manager may have an independent duty to maintain a premises in a reasonably safe condition. Plaintiff further contends that the Texas Supreme Court has left open this issue of independent duty, meaning that there is at least a possibility that she can establish a cause of action against Pichelmayer such that she is properly joined.

Plaintiff relies on the following cases to support her assertion: *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998) (citing *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72 75 (Tex. App.–Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex. 1998) *and S.H. Kress & Co. v. Selph*, 250 S.W.2d 883, 893 (Tex. Civ. App.–Beaumont 1952, writ ref'd n.r.e.)); and *Stone v. Nirvana Apts.*, No. 5:08-CV-656 -FB, 2008 WL 4844715, at *7 (W.D. Tex. Oct. 17, 2008). However, these cases predate this Court's decision in *Gonzalez v. Wal-Mart*, No. 5:10-CV-120, 2010 WL 1417748 (W.D. Tex. March 31, 2010, and the Court has already rejected Plaintiff's arguments concerning whether *Leitch* applies to premises liability claims. *See also Allen v. Home Depot*, No.

SA:04-CA-703-XR, 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004).  Plaintiffs' arguments do not convince the Court to alter its previous holdings.

In addition, it is insufficient for Plaintiff to summarily allege that Pichelmayer owes an independent duty – she must establish what that duty is and how it is independent from the duty owed by Old Navy.  Plaintiff argues that a store manager may be liable as a premises "operator," but Old Navy is the premises operator, not Pichelmayer.  As an employee of Old Navy acting in the course and scope of her employment, Pichelmayer owes the same duty to invitees that Old Navy owes as the premises owner or operator.  Further, the fact that Pichelmayer was not at the store on the day in question, while not dispositive, further establishes that Plaintiff cannot establish that Pichelmayer somehow personally participated in the events in question such that an independent duty could arise.  Accordingly, the Court concludes that Pichelmayer is improperly joined.

**D. Conclusion**

Defendant Pichelmayer is improperly joined, and therefore all claims against her are DISMISSED.  *See Akerbloom v. Ezra Holdings, Ltd.*, 509 F.App'x 340, 347 (5th Cir. 2013) (noting that district court should dismiss improperly joined defendants).  Plaintiff's motion to remand (docket no. 7) is DENIED.

SIGNED this 29th day of August, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE